## AFFIDAVIT

I, Stephanie M. Laughlin, Special Agent of the Drug Enforcement Administration, United States Department of Justice, being duly sworn, do depose and state that:

## INTRODUCTION

1. I am an officer or employee of the United States Department of Justice, Drug Enforcement Administration (DEA) within meaning of Title 18, United States Code, Section 2510(7), and am empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516. At all times mentioned herein, I have been acting in an official capacity as a Special Agent (SA) with the DEA.

2. I offer this Affidavit in support of a criminal complaint and warrant for the arrest of OLLIE DESHAUN GIBSON (hereinafter, "GIBSON"), alleging that on August 31, 2026, he did commit violations of Title 21, United States Code, Section 841(a)(1)(b)(1)(A), that is Possession with Intent to Distribute Methamphetamine.

## AGENT'S BACKGROUND

3. I am an employee of the United States Department of Justice Drug Enforcement Administration (DEA), within the meaning of Section 878(a) of Title 21, United States Code. I am an officer who is empowered by law to conduct investigations, make arrests, execute search warrants, and seize property in connection with violations of Title 18, United States Code, and Title 21, United States Code. I am a Special Agent with the DEA and have been so employed since December 2017. I am currently assigned to the DEA's Detroit Field Division, Cleveland District Office (CDO), Akron-Summit County HIDTA Initiative where I have participated in investigations targeting individuals and organizations involved in drug trafficking offenses in the Northern District of Ohio and elsewhere.

4. I have received eighteen weeks of specialized training at the DEA Training Academy in Quantico, Virginia. During the training, I learned methods by which drug traffickers possess and distribute controlled substances; the manner and means in which they conceal and launder the proceeds from the distribution of controlled substances; the manner and means in which they protect their proceeds and controlled substances; and the manner in which they attempt to avoid law enforcement detection of their activities.

5. During my employment as a DEA Special Agent, as well as my previous eleven-year tenure as a law enforcement officer in the State of Ohio, I have participated in the preparation of affidavits in support of numerous search and arrest warrants for violations of State of Ohio and federal criminal and drug laws, as well as in the execution of the same. On numerous occasions I have seized contraband, conveyances, currency, drug paraphernalia, and firearms possessed or used in relation to violations of State of Ohio criminal laws and Title 21, United States Code, Section 841. I have successfully conducted many investigations that have resulted in the arrest of numerous drug traffickers and the seizure of significant quantities of drugs and/or drug-related proceeds. I have further conducted surveillance operations of drug traffickers and have interviewed numerous persons involved in drug trafficking. I have supervised purchases of controlled substances by informants, cooperating witnesses, and undercover officers. I have extensive experience conducting street surveillance of individuals engaged in narcotics trafficking activities. I have authored, monitored and transcribed multiple court-authorized Title III wire intercepts. Through this training and experience, I have become familiar with, and have gained a thorough understanding of, the methods, manner, and means used by individuals engage in the unlawful manufacturing, trafficking, and use of controlled substances. Based on my extensive

training and experience, I have also provided drug expert opinion/testimony within the the United States District Court, Northern District of Ohio.

**FACTS AND CIRCUMSTANCES REGARDING PROBABLE CAUSE**

1. Except where otherwise noted, the information set forth in this Affidavit has been provided to me directly or indirectly by investigators with the DEA, Summit County Drug Unit (SCDU), or other law enforcement officers. Unless otherwise noted, wherever in this Affidavit I assert that a statement was made, the information was provided by another law enforcement officer (who may have either direct or hearsay knowledge of the statement) to whom I have spoken or whose report I have read and reviewed. This affidavit does not include all facts gathered throughout this investigation and instead includes only those facts necessary to support the requested criminal complaint and arrest warrant.

2. On August 31, 2026, DEA and SCDU investigators established physical and covert surveillance of 1XXX Duane Avenue, Akron, Ohio. During the surveillance, investigators observed a silver Nissan Pathfinder bearing Ohio license plate KXA3932, registered to GIBSON, parked in the driveway of the residence. During surveillance, a silver Jeep Grand Cherokee bearing Ohio license plate KFN5066, found to be a rental vehicle, also backed into the driveway of the residence. GIBSON and the male driver of the silver Jeep met in the driveway and walked in the front door of the residence. Shortly after, GIBSON and the male driver of the silver Jeep exited from the rear of the residence, with GIBSON carrying two backpack-type bags. GIBSON and the driver of the silver Jeep met at the rear of the silver Jeep for a brief period of time. GIBSON then walked to his silver Nissan Pathfinder, placed the backpacks within the vehicle and entered the driver's seat. The silver Jeep and GIBSON's silver Nissan Pathfinder departed, in tandem, from the residence, surveilled by investigators.

3. The silver Jeep and GIBSON's silver Nissan Pathfinder traveled, in tandem, to the area of Arlington Ridge East, Green, Ohio. Once on Arlington Ridge East, the silver Jeep pulled into a neighboring business parking lot, and GIBSON's silver Nissan Pathfinder pulled into the parking lot of the Holiday Inn Express, located at 8XX Arlington Ridge E, Green, Ohio. GIBSON parked his silver Nissan Pathfinder next to a gold Ford vehicle, exited the silver Nissan, and spoke to the driver of the gold Ford through the passenger window. A male exited the driver's seat of the gold Ford and walked, with GIBSON, to the rear of GIBSON's silver Nissan Pathfinder. GIBSON opened the trunk of the silver Nissan Pathfinder, and the male opened the trunk of the gold Ford. GIBSON removed two backpack-type bags from the trunk of the silver Nissan Pathfinder and placed them into the trunk of the gold Ford. GIBSON located a black suitcase in the trunk of the gold Ford. GIBSON began to remove black bundles from the backpacks and placed the bundles in the black suitcase. While GIBSON was moving the packages from the backpacks to the suitcase, investigators with the DEA, SCDU, and Ohio State Highway Patrol converged on GIBSON and the male, and both were detained. Investigators additionally converged on the silver Jeep in a neighboring parking lot and detained the male driver.

4. In plain view in the rear of the gold Ford, investigators observed several vacuum-sealed packages in the open suitcase. Investigators further located additional vacuum-sealed packages in the two backpacks GIBSON carried from his silver Nissan Pathfinder to the gold Ford. In total, investigators recovered nine (9) vacuum-seal packages. Investigators opened one of the packages and located crystalline substance within. A field test was conducted and the crystalline substance tested presumptive positive for methamphetamine, a Schedule II controlled substance.

5. After further investigation, GIBSON was subsequently arrested. The male drivers of the silver Jeep and gold Ford were released.

6. The nine (9) vacuum-seal packages were found to contain approximately more than 500 gross grams of suspected methamphetamine.

**CONCLUSION**

7. Based upon the above facts and circumstances, there is probable cause to believe that on August 31, 2026, OLLIE DESHAUN GIBSON did possess with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1)(b)(1)(A).

SA SM Laughlin

Stephanie M. Laughlin
Special Agent
Drug Enforcement Administration

Sworn to via telephone after submission by reliable electronic means. Fed. R. Crim. P. 4.1 and 41(d)(3).

HONORABLE AMANDA M. KNAPP
UNITED STATES MAGISTRATE JUDGE

September 1, 2026

DATE